UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH IBM BEY,

                    Plaintiff,

       - against -

P.O. JOHN NUGENT, et al.,

                    Defendants.

**ORDER**

18 Civ. 7878 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Elijah Ibm Bey brings this Section 1983 action against Defendant police officers, detectives and New York County Assistant District Attorney ("ADA") Patrick Nelligan, seeking damages for alleged violations of his Second, Fourth, Sixth and Eighth amendment constitutional rights.  (Cmplt. (Dkt. No. 2) at 2)  Defendant Nelligan has moved to dismiss the Complaint.  (Dkt. No. 30)  Magistrate Judge Robert W. Lehrburger has submitted a Report and Recommendation ("R&R") recommending that Defendant Nelligan's motion to dismiss be granted, and that the claims against him be dismissed with prejudice.  (R&R (Dkt. No. 40) at 1)  For the reasons stated below, the R&R will be adopted in its entirety, and Plaintiff's claims against Nelligan will be dismissed with prejudice.

## BACKGROUND

        At approximately 1:00 a.m. on July 22, 2017, in the vicinity of 125th Street in Manhattan, officers of the New York City Police Department ("NYPD") in an unmarked car approached Plaintiff, who was driving a vehicle that was stopped at a red light.  Once the light turned green, the officers pulled over Plaintiff's vehicle.  (Cmplt. (Dkt. No. 2) at 7; Roque Decl., Ex. A (Dkt. No. 31-1) Criminal Complaint)  Two officers approached the car from either side,

and one officer told him to get out of the car. (Cmplt. (Dkt. No. 2) at 7) Plaintiff was "walked to the trunk" where a third officer stood. (Id.) A police officer then searched Plaintiff's car, "broke" into the locked glove box, and found a gun. (Id.) The second officer yelled out "lunch!" to the other two officers, and then told the third officer, "[y]ou picked a good one!" as he confiscated Plaintiff's gun. (Id. at 7-8)

The second officer placed Plaintiff in handcuffs that were "extremely uncomfortable" because they were "too tight" and caused "welts and deep imprints" on Plaintiff's wrists that lasted for several days. (Id.) Miranda warnings were never administered to Plaintiff, and he was never told why he was arrested, or offered medical attention. (Id.) He was driven to a police precinct and "held at $20,000 bond" even though this was his first offense. (Id.) During the pendency of his state court case, Plaintiff filed a "Writ of Prohibition and Quo Warranto" and a "Notice of Default Judgment" that were not addressed by the court. (Id.)

On July 22, 2017, Police Officer Nugent swore out a complaint charging Plaintiff with Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, and Unlawful Possession of Marijuana. (Roque Decl., Ex. A (Dkt. No. 31-1) Criminal Complaint) On July 31, 2017, a New York State grand jury issued an indictment charging Plaintiff with weapons and drug possession offenses. (Indictment (Dkt. No. 31-2)) On October 3, 2019, Plaintiff pleaded guilty to attempted Criminal Possession of a Weapon in the Second Degree. He was sentenced to one-year imprisonment. (Certificate of Disposition (Dkt. No. 31-3); Oct. 3, 2019 Plea Tr. (Dkt. No. 31-4))

The Complaint in the instant action was filed on July 28, 2018. (Cmplt. (Dkt. No. 2)) While the Complaint names ADA Nelligan as a defendant, it contains no factual allegations

2

referencing Nelligan.  (Id.)

On February 4, 2020, ADA Nelligan moved to dismiss the claims against him (Dkt. No. 30), and on February 21, 2020, this Court referred Nelligan's motion to Magistrate Judge Lehrburger for an R&R.  (Dkt. No. 35)

Plaintiff did not file any opposition to the motion to dismiss, even though Judge Lehrburger sua sponte granted him multiple extensions of time to file opposing papers.  (R&R (Dkt. No. 40) at 4 & n.4; see also Dkt. Nos. 36-39)

On June 3, 2020, Judge Lehrburger issued a thorough and well-reasoned 14-page R&R, recommending that Defendant Nelligan's motion to dismiss be granted with prejudice.  (R&R (Dkt. No. 40) at 14)

In his R&R, Judge Lehrburger notified the parties that they had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure.  (Id. at 13)  The R&R further states that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review."  (Id. (emphasis omitted))  Neither side has filed objections to the R&R.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite

clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge Lehrburger's R&R for clear error.

As Judge Lehrburger notes, construed liberally, the Complaint asserts claims for "false arrest, false imprisonment, malicious prosecution, unlawful imprisonment and [violation of] due process."  (R&R (Dkt. No. 40) at 3)  While the Complaint does not specify whether ADA Nelligan is named as a defendant in his official or individual capacity, Judge Lehrburger concludes that the claims against Nelligan should be dismissed in either event.  (Id. at 7)

Judge Lehrburger finds that – to the extent Plaintiff's claims against ADA Nelligan are brought against him in his official capacity – any such claim is barred by the Eleventh Amendment, which provides, "'[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.'"  (Id. at 8 (U.S. Const. Amend. XI))  Judge Lehrburger correctly notes that the Eleventh Amendment "has been interpreted to bar suits by a private party against a state in its own name."  (Id. (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993))  Because "District

4

Attorneys and their Assistants represent the state when prosecuting a criminal matter," Judge Lehrburger correctly determined that the Eleventh Amendment "precludes any claim for damages against ADA Nelligan arising from any decisions by him or the District Attorney's Office relating to the handling of Plaintiff's case."  (Id. at 8-9 (citing Ying Jing Gan, 996 F.3d at 529))

Judge Lehrburger also correctly concludes that Plaintiff's claims against ADA Nelligan in his individual capacity are barred, because prosecutors "enjoy[] absolute immunity for the 'initiation and pursuit of criminal prosecution' and for any acts taken in 'presenting the state's case at trial.'"  (Id. at 9 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)))  Further, "[a]bsolute immunity covers virtually all acts associated with a prosecutor's function as an advocate regardless of motivation, . . . including, for example, deciding whether to bring charges, making bail applications, presenting charges to a grand jury, presenting evidence at a suppression hearing, and engaging in plea negotiations."  (Id. at 10-11 (citing Bernard v. County of Suffolk, 356 F.3d 495, 504-505 (2d Cir. 2004); Giraldo v. Kessler, 694 F.3d 161, 165, 167 (2d Cir. 2012); Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995); Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir. 1981)))  Because Plaintiff's claims against ADA Nelligan "are predicated upon events undertaken as part of his criminal prosecution," Judge Lehrburger correctly concludes that ADA Nelligan is protected by absolute immunity.  (Id. at 11)

Judge Lehrburger also finds that dismissal is appropriate based on Plaintiff's failure to set forth factual allegations concerning ADA Nelligan:

> . . . the Complaint leaves one to only surmise what conduct by ADA Nelligan is being challenged. . . . As a consequence, the Complaint fails to assert a claim for relief that, even when construed liberally in recognition of Plaintiff's pro se status, meets the pleading threshold required by Iqbal, Twombly and their progeny. Plaintiff has not asserted sufficient factual allegations that, taken as true, are "enough to raise a right to relief above the speculative level."

5

(Id. at 11-12 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)))  Judge Lehrburger further notes that

> "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). . . . With respect to ADA Nelligan, the Complaint's allegations are "fatally defective on [their] face [as they] fail[] to allege that the defendant[ was] directly and personally responsible for the purported unlawful conduct." Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997).

(R&R (Dkt. No. 40) at 12)

Finally, Judge Lehrburger correctly concludes that the claims against ADA Nelligan should be dismissed with prejudice.  Even if Plaintiff could amend the Complaint to allege ADA Nelligan's personal involvement, any such claim would be barred by the Eleventh Amendment and the doctrine of absolute immunity.  (Id.)

This Court has otherwise reviewed Judge Lehrburger's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

## **CONCLUSION**

For the reasons stated above, Judge Lehrburger's R&R is adopted in its entirety.  Defendant ADA Nelligan's motion to dismiss is granted with prejudice.  The Clerk of Court is directed to terminate the motion (Dkt. No. 30).

6

Copies mailed by Chambers.

Dated: New York, New York
August 14, 2020

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge