UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIJAH IBM BEY,

                      Plaintiff,

       - against -

P.O. JOHN NUGENT, et al.,

                      Defendants.

**ORDER**

18 Civ. 7878 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

       On August 28, 2018, pro se Plaintiff Elijah Ibm Bey commenced this Section 1983 action against officers of the New York City Police Department and New York County Assistant District Attorney ("ADA") Patrick Nelligan, seeking damages for alleged violations of his Second, Fourth, Sixth and Eighth Amendment rights. (Cmplt. (Dkt. No. 2) at 2)

       On September 14, 2018, this Court issued an Order of Service finding that Plaintiff was entitled to rely on the Court and U.S. Marshals Service to effect service. (Dkt. No. 6) The Order advised Plaintiff that he "must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so." (Id. at 2)

       On November 16, 2018, this Court stayed this action pending resolution of related criminal charges against Plaintiff in New York state court, and directed that a copy of the Order be mailed to Plaintiff at his address of record. (Dkt. No 18) The order staying the action was returned as undeliverable on January 3, 2019.

       On December 23, 2019, after Defendants advised that Plaintiff had pleaded guilty in his New York state case and was sentenced to one year of imprisonment, this Court lifted the stay. (Dkt. Nos. 23, 24)

1

On January 29, 2020, this Court granted Defendants' request for an extension of time to respond to the Complaint.  (Dkt. No. 29)  A copy of that Order was mailed to Plaintiff by Chambers, but was returned as undeliverable on February 11, 2020.

On February 4, 2020, Defendant Nelligan moved to dismiss the claims against him (Dkt. No. 30), and on February 21, 2020, this Court referred Nelligan's motion to Magistrate Judge Lehrburger for a Report and Recommendation ("R&R").  (Dkt. No. 35)

Plaintiff did not file any opposition to the motion to dismiss, even though Judge Lehrburger sua sponte granted him multiple extensions of time to file opposition papers.  (R&R (Dkt. No. 40) at 4 & n.4; see also Dkt. Nos. 36-39)  Judge Lehrburger also directed Defendants to "use reasonable efforts to determine if Plaintiff is incarcerated, and, if so, the address of the facility where he is located."  (Dkt. No. 38)  In a May 20, 2020 letter, Defendants advised that "[d]espite reasonable efforts, [they had] been unable to locate an updated address or location of incarceration for plaintiff."  (Dkt. No. 39)

On June 3, 2020, Judge Lehrburger issued an R&R recommending that Defendant Nelligan's motion to dismiss be granted with prejudice, and advising the parties to file any objections within fourteen days.  (R&R (Dkt. No. 40) at 13)  The R&R warned that "[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review."  (Id. (emphasis omitted))   No objections were filed.

On August 14, 2020,  this Court adopted Judge Lehrburger's R&R in its entirety, and a copy of the Order was mailed to Plaintiff by Chambers.  (Dkt. No. 42)  The Order was returned as undeliverable on August 26, 2020.

On October 14, 2020, Judge Lehrburger issued an order directing Plaintiff "to appear at a telephone conference at 2:30 p.m. on Wednesday, October 28, 2020, to show cause

why this case should not be dismissed for failure to prosecute." (Dkt. No. 43 at 3)  The Order also permitted Plaintiff to "file a written submission explaining why this case should not be dismissed for failure to prosecute" by October 27, 2020.  (Id.)  Defendants served a copy of the order to show cause on Plaintiff by mail on October 14, 2020 and by email on October 15, 2020. (Dkt. Nos. 44, 45)  Plaintiff did not file a written submission or appear at the October 28, 2020 telephone conference.  (R&R (Dkt. No. 46) at 3)

Judge Lehrburger issued an R&R on October 28, 2020, recommending that Plaintiff's remaining claims be dismissed without prejudice for failure to prosecute following Plaintiff's failure to appear at the show cause hearing.  (Id.)  The R&R advised that any objections must be filed within fourteen days, and warned that "failure to file timely objections will result in a waiver of objections and preclude appellate review."  (Id. at 4) (emphasis omitted) Plaintiff did not file any objections to the R&R.

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation."  Austin v. Lynch, No. 10-CV-7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

3

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). "No single factor is . . . dispositive." Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *1-2 (S.D.N.Y. Nov. 1, 2018) (adopting R & R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

As to the first factor, Plaintiff has not filed anything on the docket since August 28, 2018. Moreover, it has been more than a full year since Defendant Nelligan's motion to dismiss was granted, and more than ten months have passed since Judge Lehrburger ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. The Court concludes that analysis of the first factor indicates that Plaintiff's remaining claims should be dismissed. See Salem v. City of New York, 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case 'falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.'") (quoting Peters-Turnball v. Bd. of Educ. of N.Y.C., No. 96 Civ. 4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999)); Avila v. Comm'r of Soc. Sec., 15-cv-2456 (JGK), 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed)).

As to the second factor, Plaintiff received adequate notice that failure to notify the Court of his address may result in dismissal of his case. Plaintiff was notified in this Court's

4

September 2018 order that he "must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so." (Dkt. No. 6 at 2)  The September 2018 order clearly notified Plaintiff that failure to maintain a current address with the Court may result in dismissal, and that Order was not returned as undeliverable.  Judge Lehrburger also warned that he would recommend dismissal of Plaintiff's claims if Plaintiff failed to show cause by October 28, 2020 why the action should not be dismissed.  (Dkt. No. 43)  Therefore, the second factor weighs in favor of dismissal.  See Salem, 2017 WL 6021646 at *3.

As to the third factor, "[t]he Court can presume that the defendants have been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time."  Beauford v. Doe #1, No. 04 Civ. 7533 JGK, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).  As noted, over a year has elapsed since the motion to dismiss was granted, and ten months have passed since Plaintiff failed to appear at the show cause hearing held by Judge Lehrburger.  Therefore, the third factor weighs in favor of dismissal.

As to the fourth factor, this Court and Judge Lehrburger sought to protect Plaintiff's right to due process by warning Plaintiff on multiple occasions that failure to update his address and prosecute this action may result in dismissal.  Plaintiff did not notify the Court of any change of address, and he has not contacted the Court since August 28, 2018.  On balance, the fourth factor weighs in favor of dismissal.

As to the fifth factor, dismissal of Plaintiff's remaining claims without prejudice is the appropriate sanction.  "[B]ecause the plaintiff has failed to file a current address with the Court, there is no lesser sanction [besides dismissal] which could be effective."  Laney v. Ramirez, No. 10 Civ. 9063(JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011); see also Baker v. Smartwood, No. 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y.

Dec. 30, 2008). "Lesser sanctions cannot be effective in this case because any other sanction imposed on the plaintiff would likely never reach the plaintiff due to the plaintiff's failure to provide a current address." Salem, 2017 WL 6021646, at *3. Also, "a plaintiff's pro se status should weigh in favor of dismissal without prejudice." Id. (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001); Waters v. Camacho, 288 F.R.D. 70, 72 (S.D.N.Y. 2013)).

This Court finds no error in Judge Lehrburger's conclusion. Accordingly, the R&R is adopted in its entirety and Plaintiff's remaining claims are dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff Elijah Ibm Bey, c/o 327 St. Nicholas Ave., #4L, New York, NY, 10027, and to close this case.

Dated:  New York, New York
        September 1, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge